IN THE UNITED STATES DISTRICT COURT FOR THE FILED
ERKS OFFICE
DISTRICT OF MASSACHUSETTS

2012 OCT 11 ☐ 12: 29

)
GERALD N. PELLEGRINI,                    )                    U.S. DISTRICT COURT
                                         )                    DISTRICT OF MASS.
         Plaintiff,                      )
v.                                       )    Civil Action No. _____
                                         )
NORTHEASTERN UNIVERSITY,                 )
NIAN X. SUN                              )
                                         )
         Defendants.                     )
_____  )

## COMPLAINT AND JURY DEMAND

Plaintiff, Gerald N. Pellegrini, alleges that:

### I. NATURE OF THIS ACTION

1. This is an action by Plaintiff Gerald N. Pellegrini, ("Pellegrini") against
   Defendant Northeastern University ("NEU") and its employee, Defendant Dr.
   Nian Sun ("Sun") (collectively "Defendants"). This action seeks, based on
   Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), as well as Section 11 of
   Chapter 93A of the Massachusetts General Laws, M.G.L.A. c.93A, §11, to
   recover damages to Pellegrini's business and intellectual property rights resulting
   from Defendants' false and misleading representations, unfair and deceptive
   conduct and fraudulent acts, as alleged below.

### II. THE PARTIES

2. Pellegrini, is an individual who resides at 37 Granby Road, Worcester,
   Massachusetts 01604.

1

3. On information and belief, NEU, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 716 Columbus Avenue, Boston, Massachusetts, 02115.

4. On information and belief, Sun is an Associate Professor of Electrical Engineering at NEU and has his principal work address at 360 Huntington Avenue (409 Dana), Boston, Massachusetts 02115.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction of the subject matter hereof under the provisions of 28 U.S.C. §1331. Jurisdiction over Pellegrini's state law and common law claims is proper under 35 U.S.C. §1367(a) and the principle of supplemental jurisdiction.

6. Venue in this judicial district is proper under the provisions of 28 U.S.C. §1391 because NEU and Sun transact business and are found within this District and a substantial part of the events giving rise to the claims occurred in this District.

### IV. FACTUAL ALLEGATIONS

7. Pellegrini is the owner of the entire right, title, and interest in and to United States Patent No. 7,969,069, entitled "Energy Transducer and Method," duly and legally issued on June 28, 2011 (hereinafter the "'069 patent"), and related patents and patent applications ("Intellectual Property").

8. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun intended to identify and exploit discrepancies in coupling coefficients for various materials.

9. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun did not doubt Pellegrini's claim that discrepancies in the coupling coefficients of magnetostrictive materials, or magnetoelectric materials, lead to a violation of the standard thermodynamic laws.

10. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun intended to inform others of the

potential violations of the standard laws of thermodynamics if discrepancies in coupling coefficients for various materials were found.

11. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun intended to publish the fact that discrepancies in coupling coefficients for various materials will lead to violations of the standard thermodynamic laws.

12. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun agreed that a 20% discrepancy in the coupling coefficients was found for a Metglas composite sample.

13. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun intended to publish the fact that a 20% discrepancy in the coupling coefficients was found for a Metglas composite sample.

14. Sun, while acting within the scope of his research activities as a faculty member of NEU, on or about July 25, 2011, provided to Pellegrini for his review and approval, a draft article naming Pellegrini as a joint author. The draft article indicated that a 20% discrepancy in the coupling coefficients was found for a Metglas composite sample and commented that such discrepancies will lead to violations of the standard thermodynamics laws.

15. On or about July 25, 2011, Pellegrini indicated his approval of the draft article to Sun.

16. On or about January 30, 2012, Sun, while acting within the scope of his research activities as a faculty member of NEU, submitted a modified article to Applied Physics Letters for publication. The modified article did not include the statement that a 20% discrepancy in the coupling coefficients was found for a Metglas composite sample or the comment about violations of the standard thermodynamics laws. The modified article continued to list Pellegrini as a co-author.

17. On or about March 9, 2012, the modified article was published in Applied Physics Letters.

3

18. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun believed a "self-sustaining" energy generator that utilizes discrepancies in the coupling coefficients could be built.

19. Sun, while acting within the scope of his research activities as a faculty member of NEU, represented to Pellegrini that Sun intended to build a "self-sustaining" energy generator that utilizes discrepancies in the coupling coefficients.

20. Sun, while acting within the scope of his research activities as a faculty member of NEU, made the foregoing and other representations to Pellegrini knowing them to be false, or asserting them to be true without knowing them to be true.

21. Pellegrini believed, relied on and acted upon these representations when entering into an agreement with a third party wherein Pellegrini sold an interest in the '069 patent and the Intellectual Property to finance grants to NEU totaling $180,000.

22. Pellegrini believed, relied on and acted upon these representations when designing, directing and analyzing experimentation at NEU for the purpose of identification and exploitation of discrepancies in coupling coefficients for various materials.

23. As a result of his reliance on such representations, Pellegrini has suffered harm associated with financing research grants to NEU.

24. As a result of his reliance on such representations, Pellegrini has additionally suffered harm to the asset value of his Intellectual Property.

## COUNT I

### (Violation of Lanham Act, 15 U.S.C. §1125(a))

25. Pellegrini incorporates the allegations from paragraphs 1-24 above as if expressly realleged herein.

26. Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) creates a cause of action for any false or misleading description or representation of fact, which in commercial advertising or promotion misrepresents the nature and qualities of Pellegrini's Intellectual Property.

4

27. Sun, while acting within the scope of his research activities as a faculty member of NEU, made false and misleading statements in the article published in Applied Physics Letters regarding finding no discrepancies in the coupling coefficients for a Metglas composite sample, adversely affecting Pellegrini's Intellectual Property and the '069 patent.

28. Sun's false and misleading representations were made in promotion of NEU's facilities and personnel available to perform funded research and experimentation, and were material, in that they were likely to influence investors adversely in regard to the '069 patent and the Intellectual Property.

29. Sun's false and misleading representations had a tendency to deceive a substantial portion of the intended audience due to the fact that they were published in Applied Physics Letters.

30. NEU is the employer of Sun and all of Sun's false and misleading representations were made while he was acting within the scope of his research activities as a faculty member of NEU.

31. As a direct and proximate result of Sun's and NEU's violation of the Lanham Act, Pellegrini has been damaged in an amount to be proved at trial.

## COUNT II
### (Violation of M.G.L.A c. 93 §11)

32. Pellegrini incorporates the allegations from paragraphs 1-31 above as if expressly realleged herein.

33. Pellegrini is engaged in the conduct of trade or commerce within the Commonwealth of Massachusetts in developing, licensing and/or exploiting his Intellectual Property and the '069 patent.

34. Sun's false and misleading representations, as published in Applied Physics Letters, regarding finding no discrepancies in the coupling coefficients for a Metglas composite sample, constitute unfair and deceptive acts or practices in the conduct of trade declared unlawful by M.G.L.A c. 93A, §2.

35. Sun's unfair and deceptive acts or practices have been committed in substantial part in the Commonwealth of Massachusetts.

36. NEU is the employer of Sun and all of Sun's unfair and deceptive acts and practices were committed while he was acting within the scope of his research activities as a faculty member of NEU.

37. Pellegrini has been injured by Sun's and NEU's unfair and deceptive acts and practices.

### COUNT III

### (Common Law Fraud)

38. Pellegrini incorporates the allegations from paragraphs 1-37 above as if expressly realleged herein.

39. Sun knowingly modified the draft article to remove the statement that a 20% discrepancy in the coupling coefficients was found for a Metglas composite sample.

40. Sun knowingly modified the draft article to remove the statement that discrepancies in the coupling coefficients will lead to violations of the standard thermodynamic laws.

41. The statement that a 20% discrepancy in the coupling coefficients was found for a Metglas composite sample was material as it will lead to violations of the standard thermodynamic laws and is fundamental to the teachings of the '069 patent and related Intellectual Property.

42. Sun knowingly submitted the modified article to Applied Physics Letters without conferring with Pellegrini, one of the listed co-authors.

43. Pellegrini first became aware of the contents of the modified article after it was published.

44. During the time between Pellegrini giving his approval to the draft article and the time of publication of the modified article, Pellegrini relied upon the contents of the draft article in entering into agreements relating to the '069 patent and/or the Intellectual Property.

45. Pellegrini had a right to rely on the contents of the draft article, as he was a listed co-author.

46. Pellegrini, as a listed co-author, had a reasonable expectation that he would be consulted with regard to any material changes to the draft article prior to submission for publication.

47. NEU is the employer of Sun and all of Sun's fraudulent acts were performed while he was acting within the scope of his research activities as a faculty member of NEU.

48. Pellegrini has been injured by Sun's and NEU's acts of fraud in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Pellegrini demands judgment as follows:

A. assessing against NEU and awarding to Pellegrini damages sufficient to compensate Pellegrini for all losses, direct and consequential, resulting from Pellegrini's reliance on NEU's false and misleading representations, unfair and deceptive acts and practices, and fraudulent acts, and ordering an accounting to determine such damages;

B. increasing such damages to three times the actual amount found or assessed;

C. awarding to Pellegrini its costs and disbursements in this action, including reasonable attorneys' fees; and

D. granting to Pellegrini such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pellegrini demands a trial by jury on all issues triable of right by a jury that are raised for determination by this Complaint or that may be raised by any counterclaim to be filed herein.

GERALD N. PELLEGRINI  Plaintiff, *pro se*

37 Granby Rd.

Worcester, MA 01604

508-450-4632

Dated:   October 11, 2012

Gerald N. Pellegrini

8